[Crim. No. 3334. First Dist., Div. Two. Dec. 26, 1957.]

THE PEOPLE, Respondent, v. RICHARD MINER, Appellant.

Charles E. Wilson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Marvin J. Christiansen, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted of second degree burglary and appeals from the judgment and order denying his motion for new trial. ██ On August 10, 1956 at about 10:45 p. m. two Oakland police officers in a patrol car received a call to go to 11th and Harrison Streets. They arrived at this location two or three minutes later. There is a large L-shaped store building on one corner of this intersection with a service area adjacent. A portion of this area is enclosed. The enclosed area is entered by a steel lattice gate. The officers pulled into the service area and as they did so they observed the appellant crouched behind a parked car. Appellant went from this position to a telephone booth, which he entered, and took down the receiver. The two officers fol-

lowed him and asked what he was doing. He first said that he was telephoning to his girl friend but when he was asked her telephone number he stated that he was telephoning to his mother. One of the officers took the receiver from appellant's hand and put it to his ear. He heard no voice or dial tone. When he replaced the receiver no coin was returned nor did he hear the sound of one dropping into the box. Appellant was taken to the patrol car and remained there with one of the officers while the other, with additional police officers who had arrived, the manager of the store and an agent of the burglar alarm system which protected the store building, entered and searched the building. The bars of the grille gate entering the enclosed service area had been pried apart far enough to permit a man to pass through, the glass in a door entering the building had been broken and the fragments of broken glass lay on the floor inside the building, a hammer was found on the floor inside the building, several showcases and a safe had been opened but nothing was missing therefrom, and the glass in a skylight had been broken.

Fragments of glass were found on the soles of appellant's shoes. Experiment showed that this glass was of the same color, density and refractive index as fragments of the broken door-pane found on the floor of the store.

Appellant's sole claim is that the evidence is not sufficient to support the verdict. ██ The evidence is purely circumstantial and the jury was properly instructed that appellant could not be convicted unless the proved circumstances not only are consistent with the hypothesis that the defendant is guilty of the crime, but are irreconcilable with any other rational conclusion. ██ It is not the function of a reviewing court, even in a case dependent wholly on circumstantial evidence, to reweigh that evidence nor to attempt to formulate a reasonable theory of innocence. "If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Huizenga,* 34 Cal.2d 669, 676 [213 P.2d 710]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellant argues that it is just as likely that the broken glass was carried from the building to the service area on the shoes of the police and others who searched the building and got on appellant's shoes from the service area afterwards as it is that appellant was inside the building and his soles

picked up the glass there. This was a question for the jury to resolve, and in doing so, they were entitled to consider all of the evidence, including appellant's suspicious conduct. We find the evidence sufficient to support the verdict. Judgment and order denying a new trial affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1958.